I know you have read the briefs. Are there any questions that this court has regarding the issues that were raised? I think clearly we believe that a federal question was raised in terms of the denial by the body to effectively not allow us to have a statutory basis of jurisdiction? The statutory basis, your honor, is based upon the cases that we have cited to this court. Well, isn't it broad as diversity? Yes, we believe Mr. Skoll was an agent of Prudential, which is a New Jersey corporation, and we He was a resident of the state of Nevada, as is the Srokas. So there isn't complete diversity, is there? Your honor, as it relates to the corporation, that is, again, no, it is not complete diversity, your honor, but we believe that there is jurisdiction insofar as the court is concerned. Do you have authority for the proposition that you don't need complete diversity? Actually, is working for the foreign corporation? No, we do not, your honor, very candidly. I looked, and I couldn't find it. And so you're relying on federal question jurisdiction? Yes, your honor. On the theory that 10b-5 was alleged in the original complaint? That is correct, your honor. But was not alleged as basis for the federal court jurisdiction? That is correct, your honor. Okay. Well, I think we have your point. I don't know if we have any questions. Okay. Thank you. Good morning. May it please the Court, my name is Kim DeMarschi, and on behalf of Lewis & Rocha, I represent Prudential Securities and Jeffrey Skoll in this case. The Court is correct that there is not complete diversity in this action, and that cannot be a basis for jurisdiction over the Srokas petition. Mr. Skoll is a resident of Nevada. And, your honor, I can't find any cases suggesting that the fact that he was an agent of his co-defendant, a New Jersey resident, would create an exception to the clearly established requirement of complete diversity. With regard to federal question jurisdiction, it's clear that the Federal Arbitration Act does not provide federal question jurisdiction, and that petitions either to confirm or to vacate an arbitration award must have an independent jurisdictional basis. There is a line of cases, including a case from this Court, the Luong case, that suggests that where the basis on which the arbitration award is challenged is one of manifest disregard for federal law, that that creates an independent basis of federal jurisdiction. But there was no such allegation in this case. The only role that federal law played in this case at all was that the Securities Act was part of what was at issue in the merits of the arbitration, and the Luong case tells us that that is not enough for federal jurisdiction. If the panel has no further questions. I've been well-briefed, and I think we have. Thank you very much. Thank you, your honor. We do appreciate your coming for the argument. All right. The case argued is submitted.
judges: B. Fletcher, Beezer, Fisher